UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

03 - 12321 GAO

SAMANTHA FISHER,
Plaintiff

vs.                                         CIVIL ACTION NO. _____

AT&T BROADBAND,
Defendant

MAGISTRATE JUDGE _____

## COMPLAINT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

This action involves claims of wrongful termination/employment discrimination against Plaintiff/Employee by Defendant/Employer, a corporation under Federal Law (42 USC 2000 et seq.) and State Law (M.G.L. Chapter 151B, s. 1 et seq.)

### PARTIES

1. Plaintiff, Samantha Fisher, at all times relevant herein, was a natural person and is a citizen of Raynham, Bristol County, in the Commonwealth of Massachusetts.

2. Defendant, AT&T Broadband, is a corporation, incorporated on information and belief, under the laws of the State of Colorado, with its principal place of business in Englewood, Colorado.

### JURISDICTION

3. Jurisdiction is conferred as Plaintiff has raised claims under Federal Law, 42 USC 2000 et seq. (Title VII of the Civil Rights Act of 1964).

### FACTS

4. Plaintiff, Samantha Fisher, (hereinafter "Fisher") was hired as the CABL Access Coordinator for the Town of Holbrook, Massachusetts by the Defendant, AT&T Broadband, (hereinafter "AT&T").

5. Fisher was hired to provide technical assistance to individuals and organizations producing non-commercial CABL access television programs, pursuant to a CABL Access Uses Agreement between the Town of Holbrook and AT&T.

6. At the time of Fisher's hire by AT&T, there were essentially two regularly airing programs: "Cooking

DEAN & SCOTT
ATTORNEYS AT LAW
200 CHAUNCY STREET
MANSFIELD, MA 02048
(508) 261-7090

Creatively" and "The Living Word" in the Holbrook CABL access system.

7. "Cooking Creatively", which began programming in May 1999, was essentially produced by students from the Town of Holbrook, under the supervision of their parents.

8. On or about August 31, 1999, Fisher was given a "final" written warning for allowing construction of a 220-volt electrical line in the CABL Access Studio (a building owned by the Town of Holbrook), which was constructed for use on the set of "Cooking Creatively".

9. In October 1999, Plaintiff's supervisor, Al Duchaney, accused her of providing services to "Cooking Creatively" beyond her job description and in violation of the CABL Access Agreement, to which Plaintiff adamantly denies.

10. In October 2000, a local reporter attended a celebrity cook-off that was hosted by "Cooking Creatively" and wanted to interview the staff of "Cooking Creatively". Unaware of any prohibition regarding media access to non-AT&T employees, Fisher allowed the interview, but not did personally participate in said interview.

11. During the interview, Fisher was notified by her supervisor that the producer of "The Living Word" was present and created havoc (overheard by the local reporter) over the fact that an interview was taking place with "Cooking Creatively". As a result of the incident, "Cooking Creatively" was cancelled.

12. On November 21, 2000 Fisher was terminated by AT&T for her "alleged" performance as well as violations of various policies, including exercising poor judgment as a result of a personal relationship with one of the cooks on "Cooking Creatively". Other than the installation of the electrical line, Defendant does not articulate any other violations. AT&T also alleges false accusations that Fisher was working on the "Cooking Creatively" program, in violation of the CABL Access Users Agreement.

13. Statements by AT&T's management level employee, "the program is produced and crewed by Holbrook kids", reiterates Plaintiff's statements that the allegation that she was working on the show is pre-textual.

14. AT&T also alleges that Fisher expressed preferential treatment to "Cooking Creatively", to which she adamantly denies but, rather, believes these statements were made by the producers of "The Living Word" because of the success of "Cooking Creatively".

15. Defendant maintains it counselled Plaintiff on numerous occasions concerning the various allegations it cites in its decision to terminate Plaintiff; however, the Defendant has provided no evidence to substantiate these allegations.

DEAN & SCOTT
ATTORNEYS AT LAW
200 CHAUNCY STREET
MANSFIELD, MA 02048
(508) 261-7090

16. After Fisher's termination by AT&T on November 21, 2000, AT&T subsequently hired a male employee to replace her. Fisher believes that her termination in favor of hiring a male employee was designed to satisfy the complaints of the producer of "The Living Word" and not as a legitimate reason for termination.

17. Plaintiff believes she has been discriminated against and wrongfully discharged due to her gender (female), in that she was terminated without cause and replaced by a male employee. Defendant's reasons for her termination are pre-textual and without basis in fact and are not supported by any evidence. In fact, the allegations of AT&T are contradicted by the written communications of Plaintiff's supervisor.

18. Plaintiff, subsequent to her termination, filed timely claims of employment discrimination with the Massachusetts Commission Against Discrimination (hereinafter "MCAD") and with the Equal Employment Opportunity Commission (hereinafter "EEOC").

19. On September 11, 2003, Plaintiff withdrew her claim from the MCAD in order to file this lawsuit.

20. On November 13, 2003, Plaintiff was given a Notice of Right to Sue from the EEOC.

## COUNT I
### VIOLATION OF MASSACHUSETTS ANTI-DISCRIMINATION LAWS (M.G.L. CHAPTER 151B)

21. The Plaintiff restates and incorporates by reference herein the allegations of the previous paragraphs of this Complaint.

22. AT&T, by its actions, through its employees, supervisors and/or agents, by use of false allegations and replacing her with a male employee, violated the Massachusetts Anti-Discrimination Laws.

23. As a result of AT&T's actions, Fisher was wrongfully terminated and incurred damages for lost wages and benefits, loss of professional standing and reputation, and emotional distress.

## COUNT II
### WRONGFUL TERMINATION

24. The Plaintiff restates and incorporates by reference herein the allegations of the previous paragraphs of this Complaint.

25. Fisher was wrongfully terminated by AT&T as a result of the improper and unlawful actions of AT&T.

26. As a result of AT&T's actions, Fisher incurred damages for lost wages and benefits, loss of professional standing and reputation, and emotional distress.

## COUNT III
### VIOLATION OF FEDERAL LAW (42 USC 2000 et seq.)

27. The Plaintiff restates and incorporates by reference herein the allegations of the previous paragraphs of this Complaint.

28. AT&T, by its actions, through its employees, supervisors and/or agents, by use of false allegations and replacing her with a male employee, violated the Massachusetts Anti-Discrimination Laws.

29. As a result of AT&T's actions, Fisher incurred damages for lost wages and benefits, loss of professional standing and reputation, and emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Samantha Fisher, demands judgment against Defendant, AT&T on each and/or all counts, in an appropriate amount, together with attorney's fees, costs and interest, as are applicable.

### REQUEST FOR JURY TRIAL

Plaintiff, Samantha Fisher, requests a jury trial concerning all issues so triable under law.

The Plaintiff,
By Her Attorney,

_____
DAVID O. SCOTT, ESQUIRE
B.B.O. NO. 449165
200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048
TELEPHONE (508) 261-7090

DATED Nov. 19, 2003