UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMANTHA FISHER )<br>Plaintiff )<br>)<br>v. )<br>)<br>AT&T BROADBAND )<br>Defendant ) | Civ. Action No. 03cv12321-GAO |

## ANSWER OF DEFENDANT AT&T BROADBAND

Defendant AT&T BROADBAND hereby answers the Plaintiff's Complaint as follows:

1. Defendant is without sufficient information to either admit or deny the information contained in paragraph 1.

2. Defendant admits, upon information and belief, that at the time of the termination of the plaintiff's employment, she was employed by an AT&T Broadband Company. In November 2002, Comcast of Massachusetts I, Inc. purchased the assets of AT&T Broadband and succeeded to the cable franchise in Holbrook, Massachusetts.

3. Defendant makes no response to paragraph 3 as it is in the nature of a legal conclusion rather than a factual assertion and therefore leaves plaintiff to her proof.

4. Defendant admits that the plaintiff was hired by a US WEST Communications company as a Production Assistant for the towns of Stoughton, Easton, Avon, and Raynham. Defendant denies the remaining allegations contained in paragraph 4.

5. Plaintiff was hired as a Production Assistant for the towns of Stoughton, Easton, Avon, and Raynham. Defendant admits that the plaintiff was hired to provide technical assistance to individuals and organizations producing non-commercial CABL access television programs. Defendant denies any remaining allegations contained in paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant admits that plaintiff was given a written warning for allowing the construction of a 220-volt electrical line in the CABL Access Studio, which was a building owned by the Town of Holbrook. Defendant denies any remaining allegations contained in paragraph 8.

9. Defendant admits that in October 1999, the plaintiff's supervisor, Al Duchaney, accused her of providing services to "Cooking Creatively" beyond her job description. Defendant denies the remaining allegations contained in paragraph 9.

10. Defendant admits that the plaintiff allowed the reporter to interview the staff of "Cooking Creatively" on the site of the CABL Access Studio in Holbrook. Defendant denies that the plaintiff was not made aware of the defendant's policy concerning media access. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant admits that plaintiff was terminated for violating company policy and exercising poor judgment without authority to do so. Otherwise, defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant admits that the plaintiff expressed preferential treatment to "Cooking Creatively." Defendant denies any remaining allegations of paragraph 14.

15. Defendant admits that it counseled plaintiff and denies the remaining allegations of paragraph 15.

16. Defendant admits that after plaintiff's termination the defendant covered the Holbrook studio with several employees, including two female employees, and later, on January 16, 2001, transferred a male employee from another location to Holbrook. Defendant denies the remaining allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant makes no response to the allegations in paragraph 18 as they are jurisdictional in nature.

19. Defendant makes no response to the allegations in paragraph 19 as they are jurisdictional in nature.

20. Defendant makes no response to the allegations in paragraph 20 as they are jurisdictional in nature.

21. Defendant restates and incorporates by reference herein its responses to paragraphs 1 – 20 above.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant restates and incorporates by reference herein its responses to paragraphs 1 – 23 above.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant restates and incorporates by reference herein its responses to paragraphs 1 – 26 above.

28. Defendant denies the allegations of paragraph 28.

29. Defendants denies the allegations of paragraph 29.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (Counts II and III)

The plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE (All Counts)

The plaintiff has failed to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE (All Counts)

The plaintiff's claims should be dismissed, or in the alternative stayed, in lieu of compulsory arbitration, to which the plaintiff had expressly agreed.

DEFENDANT – AT&T BROADBAND

By _/s/ Laurie Alexander-Krom_
Barry J. Waters, BBO# 645595
Laurie Alexander-Krom, BBO# 637385
Murtha Cullina LLP
99 High Street
Boston, Massachusetts 02110-2320
Telephone: (617) 457-4000
Fax: (617) 482-3868
bwaters@murthalaw.com
lalexander-krom@murthalaw.com
Its Attorneys

Date: April 15, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was mailed first-class, postage prepaid, on this 15th day of April, 2004 to: David P. Scott, Esq., 200 Chauncy Street, Mansfield, Massachusetts 02048.

Laurie Alexander-Krom - BBO# 637385