UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**SAMANTHA FISHER,**
**Plaintiff**

**v.**                                                          Civil Action No. 0312321 (GAO)

**AT&T BROADBAND,**
**Defendant**

### STATEMENT OF DISPUTED FACTS SUBMITTED BY PLAINTIFF SAMANTHA FISHER

The Plaintiff, Samantha Fisher, (hereinafter "Fisher") submits this Statement of Disputed Facts in support of her opposition to the defendant, AT & T Broadband's (hereinafter "AT&T") motion for Summary Judgment:

1. Fisher was transferred in the Spring of 1999 to the Holbrook Studio at least, in part, to escape the harassment of a male co-worker, Brian Liss (Depos. Of A. Duchaney (31-33), Plaintiff's Tab 1).

2. After becoming the Access Coordinator for the Holbrook Studio in the Spring of 1999 Fisher told Robert Branczewski (hereinafter "Branczewski") he needed to "find a producer from Holbrook if he wanted to film it there" (Depos. of S. Fisher (67), Def. Tab 1).

3. At least one of the boys (Brett Rouse) expressed an interest to Fisher in working on the cooking show because another boy's mother worked with Branczewski (Depos. of S. Fisher (49-50), Def. Tab 1).

4. The boys produced the cooking show having met the requirements (PEG Access Policy (Rev. Sep. 2000) (pp 3 and 6) (Plaintiff's Tab 4, (Depos. S. Fisher (170-171), Def. Tab 1); and (e-mails Plaintiff's Tab 7).

5. The boys would pick the recipes and chose the host of the cooking show (Depos. of S. Fisher (71, 75-76), Def. Tab 1).

6. Al Duchaney approved the cooking set and received the signed access user agreements from everyone involved with the show. (Depos. S. Fisher (81-82, 89), Def. Tab 1).

7. The parents of the boys co-signed the access user agreements (Depos. S. Fisher (95), Def. Tab 1).

8. The cooking show could be pushed back in the Studio to allow other programs to air (Depos. S. Fisher (100-101, 145), Def. Tab 1).

9. Fisher never worked on the cooking show (Depos. S. Fisher (144, 145) Def. Tab 1).

10. Fisher had permission from her supervisor, Al Duchaney (hereinafter "Duchaney") to work on some cooking events outside of the studio (Depos. S. Fisher (122-125, 146-147, 156-157, 161), Def. Tab 1), (letter M. Yusa, Plaintiff Tab 6).

11. The PEG Access policy governs the use of the studio by the public (Depos. A. Duchaney

(68), Plaintiff's Tab 1).

12. A. Duchaney's main source of information about Fisher' alleged involvement in the cooking show was Gary Machaby, the other Studio access user (Depos. A. Duchaney (85), Plaintiff's Tab 1).

13. Fisher was terminated by her employer according to Duchaney for: 1) Violation of the Defendant's media policy (reporter in the Studio); 2) engaging in acts of conflict of interest (unspecified), and 3) miscommunications to the crew of the cooking show regarding its end (Depos. A. Duchaney (91), Plaintiff's Tab 1)

14. Duchaney falsely concluded that Branczewski was the "producer" of the cooking show on the basis the PEG Access policy (Rev. Sep. 2000) Duchaney (110-114), Plaintiff Tab 1).

15. The PEG Access policy (Rev. Sep. 2000) in effect during the last months of Fisher's employment was rewritten in February 2001 to clarify the very issues which precipitated Fisher's demise, to wit: the definition of "producer" and "resident" were narrowed to specifically exclude someone such as Branczewski (Depos. A. Duchaney (122-126, 168-173), Plaintiff's Tab 1) and (PEG Access policy (Rev. Feb. 2001), Plaintiff's Tab 5).

16. In order to be a "producer", an access user has to be a "resident" of the town where the studio is located (Depos. A. Duchaney (135), Plaintiff's Tab 1) and (PEG Access policy (Rev. Sep. 2000, Plaintiff's Tab 4).

17. A "resident" can also be a member of an "organization" that serves the town. (Depos. A.

Duchaney (135), Plaintiff's Tab11) and (PEG Access policy (Rev. Sep. 2000, Plaintiff's Tab 4).

18. Even if Branczewski was deemed to be the producer, he met the residency requirement because he worked for the local newspaper (an organization under the definition of the PEG Access policy (Rev. Sep. 2000) (Plaintiff's Tab 1)).

19. Al Duchaney had no specific information by which he could conclude that Fisher was impermissibly involved in non-Studio events with the cooking show (Depos. A. Duchaney (145-148), Plaintiff's Tab 1) and (letter M. Yusa, Plaintiff's Tab 6).

20. Fisher did not violate the ethics policy concerning the media because she did not schedule nor participate in the newspaper interview at the Studio in November, 2000. (Depos. A. Duchaney (160-163), Plaintiff's Tab 1) and (Exh. E (p. 9) to Aff. of A. Duchaney).

21. Gary Machaby, a male producer of another show, was abusive towards Fisher in front of the newspaper reporter in violation of the PEG Access Policy, but Duchaney never spoke to and/or disciplined him. (Depos. A. Duchaney (65-66, 71, 131-134), Plaintiff's Tab 1) and (PEG Access Policy (Rev. Sep. 2000)).

22. Fisher did not engage in miscommunication regarding the ending of the cooking show (Depos. A. Duchaney (174-176), Plaintiff's Tab 1).

23. Fisher did not oppose the end of the cooking show (Depos. A. Duchaney (Vol II) (10),

Plaintiff's Tab 2).

                                              The Plaintiff,
                                              By Her Attorney,

January 30, 2006
Date

                                              */s/ David O. Scott, Esquire*
                                              DAVID O. SCOTT, ESQUIRE
                                              B.B.O. NO. 449165
                                              LAW OFFICE OF DAVID O. SCOTT, P.C.
                                              200 CHAUNCY STREET
                                              MANSFIELD, MASSACHUSETTS 02048
                                              TELEPHONE (508) 261-9777
                                              dsesq@aol.com

## Certificate of Service

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). No non-participants (NEF) as noted.

January 30, 2006
Date

                                              */s/ David O. Scott, Esquire*
                                              DAVID O. SCOTT, ESQUIRE
                                              B.B.O. NO. 449165
                                              LAW OFFICE OF DAVID O. SCOTT, P.C.
                                              200 CHAUNCY STREET
                                              MANSFIELD, MASSACHUSETTS 02048
                                              TELEPHONE (508) 261-9777
                                              dsesq@aol.com