UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SAMANTHA FISHER<br>   Plaintiff | )<br>)<br>)<br>)<br>) | |
| v. | ) | Civ. Action No. 0312321-GAO |
| | )<br>) | |
| AT&T BROADBAND<br>   Defendant | )<br>)<br>) | |

## AT&T BROADBAND LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff's Opposition to Defendant's Motion for Summary Judgment and the exhibits attached thereto fail to introduce any genuine dispute of *material* facts that she was discriminated on the basis of her gender when AT&T Broadband LLC (the "Company") terminated the Plaintiff, Samantha Fisher's ("Fisher") employment for violating the Company's policies when she permitted her personal relationship with Robert Branczewski ("Branczewski") to interfere with her job. There is still no evidence, neither direct nor circumstantial, that the Company terminated her employment because she is female. In addition, Fisher still fails to state a cognizable "wrongful termination" claim upon which relief may be granted. Fisher's Opposition strings together immaterial facts that ultimately do not sustain her burden of production to avoid summary judgment. Therefore, for the reasons stated in the Company's "Memorandum in Support of AT&T Broadband's Motion for Summary Judgment on All Counts of the Plaintiff's Complaint," dated and filed July 1, 2005, and for the reasons as further set out below, the defendant, AT&T Broadband respectfully requests that summary judgment be entered in its favor.

I.      **Fisher has failed to offer sufficient evidence of a genuine issue of material fact such that a reasonable jury could return a verdict in favor of her gender discrimination claim.**

In order to survive summary judgment the disputed fact must be material. See Beatty v. NP Corporation, 31 Mass. App. Ct. 606, 608 (1991). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-248 (1986). Furthermore, the dispute of the material fact must be genuine. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson at 248; Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)(if the evidence is merely colorable or is not significantly probative, summary judgment should be granted). In opposing a motion for summary judgment a party cannot rest merely upon conclusory allegations, improbably inferences and unsupported speculation. See Anderson v. Home Depot, 2004 U.S. Dist. LEXIS 145 *19 (D. Mass. 2004)(summary judgment is appropriate where the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation).

The facts disputed by Fisher in her Opposition are immaterial. Fisher does not identify any genuine disputes of material facts regarding whether Fisher was terminated from her employment because of her gender. The material facts regarding the events that occurred at the Bridgewater and Holbrook studios, Fisher's job responsibilities, the requirement that the producer must be a town resident, the extent of the alterations Fisher allowed the cooking show make to the Holbrook studio, Fisher's and Branczewski's over involvement with the cooking show, the interview with the media and Fisher's awareness of the media policy, the Company's

reason for terminating her employment, and how her job responsibilities were subsequently covered remain <u>undisputed</u>.  (See AT&T Broadband LLC's Separate Statement of Undisputed Facts, ¶¶ 9, 10, 11-19, 22, 29, 30-34, 36, 41-44).

In order to sustain her prima facie case of gender discrimination under Title VII and under Mass. Gen. L. ch. 151B, Fisher must show that: (1) she was a member of a protected class; (2) she was performing her job at a level that rules out the possibility that she was fired for inadequate job performance; (3) suffered an adverse employment action; and (4) was replaced by male with roughly equivalent qualifications.  <u>See</u> <u>Duncan-Young v. Pine Street Inn</u>, 1997 U.S. Dist. LEXIS 3435 * 5 (1997).  Although Fisher is a member of a protected class (female) and did suffer an adverse job action, Fisher has not raised a genuine issue of fact that she was performing her job at a level that rules out the possibility that she was fired for inadequate job performance.

As stated above, the material facts regarding her job responsibilities and job performance are left undisputed by Fisher.  Even when viewed in the light <u>most</u> <u>favorable</u> to Fisher, the immaterial allegations she makes in her Opposition, such as "she told Branczewski that he needed to find a producer from Holbrook if he wanted to film it there," or "that the boys would pick the recipes and chose the host of the cooking show," or that she "had permission from her supervisor to work on <u>some</u> cooking events outside the studio," (emphasis added) do not create a genuine dispute of material fact that Fisher was performing her job at a level that rules out the possibility that she was fired for inadequate job performance.  <u>See</u> <u>Scott v. Sulzer Carbomedics Inc</u>., 141 F. Supp. 2d 154, 172-173 (D. Mass. 2001)(summary judgment granted to defendant under Mass. Gen. L. ch. 151B where plaintiff failed to raise a genuine issue of material fact as to whether she performed her job at an acceptable level; the plaintiff's ancillary successes do not redeem her deficient performance in the primary functions of her job).

Even if Fisher meets her prima facie case, she has not put forth a genuine dispute of material fact as to whether the Company's real reason for terminating her employment was because she is female. In order to survive summary judgment, Fisher <u>must</u> put forth sufficient evidence that the Company's decision to terminate her employment was because of sex discrimination. <u>See</u> <u>Szabo</u> v. Trustees of Boston University,1998 U.S. App. LEXIS 32720 *8 (1st Cir. 1998)(before becoming entitled to bring the case before the trier of fact, the plaintiff must show evidence sufficient for the fact finder reasonably to conclude that the employer's decision to discharge him or her was wrongfully based on the alleged discriminatory animus); <u>see</u> <u>also</u> <u>Matthews v. Ocean Spray Cranberries Inc.</u>, 426 Mass. 122, 128 (1997)(under 151B, the plaintiff bears the burden of persuasion on the ultimate issue of discrimination, and therefore must produce evidence sufficient to support a jury verdict that it was more likely than not that the articulated reason was pretext for actual discrimination); <u>see</u> <u>also</u> <u>Gunther v. The Gap Inc.</u>, 1 F. Supp. 2d 732, 778 (D. Mass. 1998)(under 151B, plaintiff must demonstrate that the proffered reason for an adverse employment action is merely pretextual for sex discrimination in order to survive the motion for summary judgment).

There is no evidence, circumstantial or direct, that the real reason for the termination of her employment was sex discrimination. Fisher admitted in her deposition that there <u>is</u> <u>no</u> evidence of discriminatory motives on the part of the Company.

> Q. What evidence do you have that the motivation for your termination in whole or in part was because you are a woman?
>
> A. *I have no evidence.*
>
> Q. Count two of the complaint is entitled wrongful termination. Do you believe that you were wrongfully terminated?

4

    A.    *Yes.*

    Q.    In what way?

    A.    *I believe that I did a good job at what I did and I was let go for reasons that I didn't have any control of.*

(Fisher Dep. Tr. 101 (emphasis added).

In her Opposition to the Company's motion for summary judgment, she again points to no evidence, either direct or circumstantial, that her gender had anything to do with the termination of her employment. The Company terminated Fisher's employment because it determined that Fisher violated the Company's policies when she allowed her personal relationship with her boyfriend to conflict with her job responsibilities. In her Opposition, Fisher makes the conclusory allegation that Duchaney incorrectly interpreted the Company's policies. However the manner in which a Company interprets its own policies is not, by itself, evidence, direct or circumstantial, of unlawful discrimination. See Matthews, 426 Mass. at 131 (Mass. Gen. L. ch. 151B does not grant relief to a plaintiff who has been discharged unfairly, even by the most irrational of managers, unless the facts and circumstances indicate that discriminatory animus was the reason for the decision); Duncan-Young, 1997 U.S. Dist. LEXIS at *10-11 (courts may not sit as super personnel departments, assessing the merits—or even the rationality—of employers' nondiscriminatory motives) *citing* Mesnick v. General Elec. Co., 950 F. 2d 816, 825 (1st Cir. 1991), cert. denied, 504 U.S. 985 (1992). Furthermore, Fisher does not dispute that the ultimate decision to terminate her employment was made by a group of individuals, including two women, and that ultimately it was Wendy Copithorne, a woman, who terminated her employment. (See AT&T Broadband LLC's Separate Statement of Undisputed Facts, ¶40 & 41).

Fisher also states in her Opposition that she was replaced by a male. This simply is not true and is unsupported by the undisputed facts. Fisher doesn't dispute that after her employment was terminated on November 21, 2000, the duties of the Access Coordinator were covered by a team of individuals. (See AT&T Separate Statement of Undisputed Facts, ¶ 42-44). These individuals included Debi Donna, Michele Roy, and Albert Duchaney. On or about November 27, 2000, the Company posted a staffing requisition, seeking a replacement for the Access Coordinator position in Holbrook. Duchaney also interviewed several outside candidates for the position. <u>Two months later</u>, in mid-January 2001, the Company decided to transfer Kevin Bows, who was working as an Access Coordinator in the Dedham studio, to the Holbrook studio. Kevin Bows remained at the Holbrook studio until November 2002, when he was replaced by Evelyn Young. (<u>See</u> <u>Id</u>.). The fact that a male covered the Holbrook studio some point in time after Fisher was terminated is not evidence of gender discrimination.[1]

Fisher has failed to put forth any material facts that genuinely disputes that the overall circumstances indicate that the Company made a rationale, non-discriminatory, business judgment in terminating Fisher's employment some seven (7) months after she became the Access Coordinator in Holbrook. Because Fisher cannot meet her evidentiary burden, summary judgment should be granted to the Company.

---

[1] In her Opposition, Fisher makes reference to an individual named Gary Macaby ("Macaby"). Macaby was a resident of Holbrook and had access to the Holbrook studio because he was producing his own community access program. He was not an employee of the Company. Viewed in the light most favorable to Fisher, Fisher's allegations that Macaby engaged in <u>one</u> incident of abusive conduct towards her (which she fails to describe in any detail) and that Macaby "complained vigorously" to Duchaney about Fisher and the cooking show are immaterial facts as to whether Fisher's job performance was acceptable and whether she was terminated because she is a woman. <u>See</u> <u>Pettiti v. Commonwealth of Massachusetts Dept. of Mental Health</u>, 859 F. Supp. 33, 39 (D. Mass. 1993)(a statement in a third party's affidavit that the individual who complained about the plaintiff employee was "abusive" did not established that the plaintiff's job performance was acceptable); <u>see also</u> <u>Hunt v. Wyle Laboratories, Inc</u>., 997 F. Supp. 84, 91-92 (D. Mass. 1997)(an employer's decision to terminate the employee in order to placate important, albeit difficult clients is a judgment well within the scope of managerial discretion); <u>Coakley v. Agar Supply Company, Inc</u>., 2001 Mass. Super. LEXIS 318 *22 (an employer was free to exercise its own judgment in disciplining employees in response to customer complaints, as long as it did not act in retaliation for a protected activity).

**II.      Fisher fails to state a wrongful termination claim upon which relief can be granted.**

Although Fisher alleges in her Opposition that she has established a prima facie case for wrongful termination under state law because "the Defendant has violated the covenant of good faith and fair dealing when it terminated Plaintiff's employment based on the interpretation by her supervisor, Al Duchaney, of the Employers Policies and Procedures rather than the express language of those written policies and procedures," Fisher still fails to state a cognizable claim.

Fisher was an employee at will. (See Offer and Agreement Letter attached at Tab 4 of the Record of Material in Support of AT&T Broadband's Motion for Summary Judgment on All Counts; see also Employee Handbook attached as Exhibit D to Duchaney Affidavit.; see also "Doing What's Right" attached as Exhibit E to Duchaney Affidavit). Fisher has not properly pled, nor has she put forth *any* facts in her Opposition that her termination falls under one of the few exceptions to the employee at will doctrine.

First, Fisher has not raised any basis for asserting a contract claim. See Jackson v. Action for Boston Community Development, Inc., 403 Mass. 8, 9 (1988)(court sets forth a list of factors for deciding whether terms of a personnel manual were impliedly part of an employment contract). Simply alleging that the Company "terminated her employment based on Duchaney's interpretation of the Company's policies and procedures, instead of on the express language of the written policies and procedures," does not negate the undisputed conclusion that she was an employee at will. See Chilson v. Polo Ralph Lauren Retail Corporation, 11 F. Supp. 2d 153, 157 (D. Mass. 1998)(plaintiff's breach of contract claim dismissed where Polo's handbook states no term of employment, its content was not a subject of negotiation, Polo retained the right to modify the handbook unilaterally and the handbook repeatedly reminded employees that its provision do not form the basis of an employment contract).

If Fisher's allegation that the Company violated "a covenant of good faith and fair dealing" when it terminated her employment is based upon an unjust enrichment theory, Fisher alleges no facts that the Company terminated her employment for its own financial gain or that the termination of her employment resulted in any type of unjust enrichment for the Company. See McCone v. New England Telephone and Telegraph Company, 393 Mass. 231, 233-234 (1984)(damages are awarded under a theory of breach of implied covenant of good faith and fair dealings in order to deny the employer any readily definable, financial windfall resulting from the denial to the employee of compensation for past services; plaintiffs' have alleged no such damages and therefore the plaintiff's allegations fail short of stating a claim).

Finally, Fisher has not pled nor does she allege any facts in her Opposition to support a claim that the Company violated "a covenant of good faith and fair dealing" because it terminated her employment in violation of a public policy. See Tighe v. Career Sys. Dev. Corp., 915 F. Supp. 476, 484 (D. Mass. 1996)(employee bears burden of showing that the conduct leading to her termination was protected by a "clearly expressed" public policy delineated in state or federal law); see also Glaz v. Ralston Purina Co., 24 Mass. App. Ct. 386, 389-390 (1987)(an employee must be able to point to some clearly-defined and well established public policy that is threatened by the employer's action).

Instead it appears that her "wrongful termination" claim is based upon the same facts and allegations as her gender discrimination claim. Therefore it is preempted by Mass. Gen. L. ch. 151B and likewise should be dismissed. See Melley v. The Gillette Corp., 19 Mass. App. Ct. 511, 523-524 (1984)(151B is a comprehensive remedial statute and therefore the creation of a new common law action based on the public policy expressed in that statute would interfere with that remedial scheme; dismissal of the plaintiff's claim that his employer's action violated public

policy against age discrimination and was therefore a breach of an implied covenant of good faith and fair dealing is affirmed); Tuccelli v. Bull HN Information Systems, 1994 Mass. Super. LEXIS 374 (Mass. Super 1994) (the remedial scheme offered by 151B is comprehensive and exclusive of any contractual remedy, therefore summary judgment is granted on the plaintiff's contract claim).

## CONCLUSION

The Company respectfully submits that there are no genuine issues of material fact to be tried and that it is entitled to judgment as a matter of law on all three counts of the Plaintiff's Complaint.  Therefore the Company request that this Court enter summary judgment in its favor.

AT&T BROADBAND LLC
By its attorneys,


/s/ Laurie Alexander-Krom
Barry J. Waters, BBO# 645595
bwaters@murthalaw.com
Laurie Alexander-Krom, BBO# 637385
lalexander-krom@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone:  617-457-4000
Fax:  617-457-4000


Date: February 9, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). No non-participants (NEF) as noted.

/s/Laurie Alexander-Krom